**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3994-19

CHRISTINE OSHIDAR,

    Plaintiff-Appellant,

v.

DARIUS OSHIDAR,

    Defendant-Respondent.

_____

        Submitted September 28, 2021 – Decided October 26, 2021

        Before Judges Fisher and Smith.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FM-03-1029-12.

        Fiore Law Group, LLC, attorneys for appellant (Fioravante Bucci, on the briefs).

        Weinberg Kaplan & Smith, PA, attorneys for respondent (Michael A. Weinberg, on the brief).

PER CURIAM

Plaintiff appeals the trial court's post-judgment order reducing defendant's alimony obligation. Plaintiff argues that the trial court failed to consider the reasonableness of defendant's voluntary sale of his business in its analysis of defendant's changed circumstances argument. We reverse and remand for the reasons set forth below.

I.

Plaintiff Christine Oshidar and defendant Darius Oshidar were married in 1992 and divorced in 2012. They had five children together. Under the terms of the Property Settlement Agreement (PSA), defendant, a dentist, was obligated to pay plaintiff $12,500 per month in alimony and $2,500 per month in child support.

When the parties finalized the divorce in 2012, defendant's gross income was approximately $428,127 from the dental practice he owned and operated, Quality Dental Care. In 2014, defendant sold his practice for $570,000. The terms included a down payment as well as installment payments of $96,300 per year for five years. After selling his practice, defendant obtained employment as a dentist at a dental clinic, at a salary of $216,715 per year.

After defendant went to work as an employee, he filed a post-judgement motion seeking to reduce his alimony and child support payments to plaintiff.

The basis of his motion was a change in circumstance, namely a significant reduction in his income. In February 2015 the trial court granted defendant's request to reduce child support, adjusting the amount down to $1,500 per month.[1] However, the trial court denied defendant's motion to reduce alimony, rejecting his change in circumstance argument and finding that his switch in employment was "both voluntary and temporary." Defendant worked at the clinic for approximately one to two years until opening a new private practice in 2016.

In November 2019 defendant again filed a motion seeking a reduction in child support and alimony payments. Plaintiff opposed the motion and filed a cross-motion to increase child support and obtain reimbursement for medical expenses. Based on the submissions, the trial court found defendant had shown changed circumstances, "warranting a review of his alimony obligation." On child support, the trial court recognized that two of the children had been emancipated since the 2015 modification, and also noted in its order that

---

[1] The order noted that this was an "off-guidelines" calculation due to defendant's income. At that time, two of the five children, Reza and Darian, were over the age of eighteen (twenty-one, and nineteen respectively), though not emancipated.

A-3994-19

plaintiff had not supplied a current Case Information Sheet (CIS). The court ordered a plenary hearing.

The plenary hearing took place on April 20-21, 2020. At its outset, the trial court stated that it had "already determined that there has been a change of circumstance warranting a review of the support obligation, so we shouldn't have to talk about that." Both parties testified, as did a defense expert in forensic accounting. Plaintiff, who was self-represented, conducted a cross-examination of defendant. During the cross-examination, defendant's counsel objected to plaintiff's question regarding whether the defendant had "voluntarily" decided to "sell [his] lucrative practice to start a new one[.]" The trial judge sustained the objection. During the ensuing colloquy between plaintiff and the court, plaintiff attempted to explain that her question was relevant because defendant "never submitted a prior CIS . . . [which] technically, according to New Jersey statutes, . . . he was required to submit . . . ." Plaintiff explained that her question had two objectives: 1) to cast doubt on whether defendant had made a prima facie case on changed circumstances; and 2) to "show that defendant voluntarily sold his practice and started a practice that would make less income." The trial court stated in response:

> I have already determined that there's been a showing of changed circumstance warranting a review. You

A-3994-19

can't re-argue the point of something that was previously decided, so we're past that, like I said in the beginning before we started today. All right. So, we're not questioning about that. That's already been decided.

The trial court dismissed plaintiff's line of questions "about [defendant] selling the dental practice . . ." as "not relevant to what we're doing here today."

On May 22 the trial court issued an order and a written decision, finding defendant and his expert witness to be credible. The court found plaintiff to be "credible in the sense that the [c]ourt [did] not feel as though her testimony was intentionally untruthful[,]" but found that her "rigid positions . . . negatively . . . reflect[ed] upon her overall credibility." The trial court next analyzed plaintiff's need for support and defendant's ability to pay it. It found that a modification to defendant's alimony and child support was warranted. The trial court reduced defendant's alimony obligation to $8,000 per month and his child support obligation to $1,000 per month.

Plaintiff makes two arguments on appeal. First, that the trial court erred as a matter of law by failing to analyze the reasonableness of defendant's voluntary career change. Second, that the trial court erred by not allowing plaintiff to cross-examine defendant on the "voluntary" issue regarding defendant's dental practice sale.

A-3994-19

Our scope of review of Family Part orders is limited. <u>Cesare v. Cesare</u>, 154 N.J. 394, 411 (1998). We accord deference to the Family Part due to its "special jurisdiction and expertise" in family law matters. <u>Id.</u> at 413. The court's findings are binding so long as its determinations are "supported by adequate, substantial, credible evidence." <u>Id.</u> at 411-12 (citation omitted). We will not disturb the factual findings and legal conclusions unless convinced they are "so manifestly unsupported by or inconsistent" with the evidence presented. <u>Id.</u> at 412 (citation omitted).

"Alimony is an economic right that arises out of the marital relationship and provides the dependent spouse with a level of support and standard of living generally commensurate with the quality of economic life that existed during the marriage." <u>Quinn v. Quinn</u>, 225 N.J. 34, 48 (2016) (citations and internal quotation marks omitted). Parties to a divorce "may enter into voluntary agreements governing the amount, terms, and duration of alimony" that "are subject to judicial supervision and enforcement." <u>Ibid.</u>

Changed circumstances permitting a modification of alimony include "an increase or decrease in the income of the supporting or supported spouse . . . ." <u>Id.</u> at 49 (citations omitted). The decision to modify an alimony obligation

"based upon a claim of changed circumstances rests within a Family Part judge's sound discretion." Larbig v. Larbig, 384 N.J. Super. 17, 21 (App. Div. 2006). An alimony determination will not be overturned on appeal absent an abuse of discretion which "arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (citation and internal quotation marks omitted)).

"A trial court's interpretation of the law and the legal consequences that flow from established facts are not[,]" however, "entitled to any special deference." Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) (citations omitted).

When a supporting spouse seeks a reduction in their support obligation based on their own diminished circumstances, the lone relevant consideration is the supporting spouse's financial situation. Crews v. Crews, 164 N.J. 11, 30-32 (2000). The financial condition of the dependent party only becomes relevant when a prima facie case is made. Id. at 31. The movant must make the prima facie case by demonstrating that the change is both continuous and substantial. Lepis v. Lepis, 83 N.J. 139, 157 (1980). See Crews, 164 N.J. at 28. Generally,

a reduction of income presents a prima facie case of changed circumstances. See Jacoby v. Jacoby, 427 N.J. Super. 109, 118 (App. Div. 2012). However, we recognize further analysis is necessary when the reduction of income claim is coming from a self-employed movant, Donnelly v. Donnelly, 405 N.J. Super. 117, 130 n.5 (App. Div. 2009), who may be "in a better position to present an unrealistic picture of his or her actual income . . . ." Larbig, 384 N.J. Super. at 23 (App. Div. 2006). When the conduct that precipitates the loss of income is voluntary, other considerations come into play, including the "motives, timing, . . . reasonableness[,] . . . [and] good faith . . ." of the moving party. Kuron v. Hamilton, 331 N.J. Super. 561, 571 (App. Div. 2000).

Rule 5:5-4(a)(4) requires a party seeking post-judgment relief based on changed circumstances to submit an updated CIS as well as a copy of any prior CIS filed before entry of the order or judgment for which modification is sought. The responding party, however, need not file an updated case information statement until a substantial change in circumstances or other good cause has been shown. Lepis, 83 N.J. at 157-158. See also Donnelly, 405 N.J. Super.

III.

A.

Plaintiff argues that the trial court overlooked important legal principles in failing to conduct a searching analysis of defendant's motivations, reasonableness, and good faith in selling his dental practice, and then sustaining defendant's objection when plaintiff attempted to address the issue herself by crossing defendant at the plenary hearing. We agree.

The record, including the trial court's January 2020 order, shows the court did not sufficiently explore the motivations, reasonableness, and good faith of defendant's career choices after the divorce. The court made no meaningful attempt to distinguish between the 2015 and the 2020 modification motions on these important issues, even though the 2015 motion was denied and the 2020 motion was granted.

We conclude that the trial court's finding that defendant met his burden of proof as to changed circumstances was "manifestly unsupported" by the record. Though not an exact fit with "quitting a job," because defendant sold his business, and although he did not technically "change careers" because he remained a dentist, the changes in defendant's employment status in the years following the divorce fell within the range of what the trial court found to be a voluntary change in circumstances. Given its finding, the trial court was obligated to make further inquiry into defendant's motivation, reasonableness

9

and good faith while making those critical life decisions. This preliminary inquiry was necessary to determine whether defendant truly met his burden by a preponderance of the credible evidence to show changed circumstances. Only then would a second prong <u>Lepis</u> analysis be in order to determine if a reduction in alimony was justified. Additionally, the trial court should have allowed plaintiff to elicit testimony from defendant on cross-examination to meet the issues of defendant's motivation, reasonableness, and good faith. Without the steps outlined above, the trial court cannot support its judgment, and its decision represents a mistaken exercise of discretion. <u>Milne</u>, 428 N.J. Super. at 197.

### B.

Defendant argues that plaintiff's appeal should be dismissed because she failed to file a motion for reconsideration after the January 2020 order. We are not persuaded. Pursuant to <u>Rule</u> 4:49-2, "a motion for rehearing or reconsideration . . . shall be served not later than 20 days after service of the judgment or order upon all parties by the party obtaining it." The time prescription of this rule applies only to final judgments and orders. <u>Rusak v. Ryan Auto., L.L.C.</u>, 418 N.J. Super. 107, 117 n. 5 (App. Div. 2011), and <u>see</u> Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 1 on <u>R.</u> 4:49-2 (2021).

The January 2020 order specifically states "[t]he [c]ourt finds [defendant] has met his burden of making a prima facie showing of changed circumstances warranting a review of his alimony obligation." By definition, "prima facie" means "[s]ufficient to establish a fact or raise a presumption unless disproved or rebutted; based on what seems to be true on first examination, even though it may later be proved to be untrue." Black's Law Dictionary 1441 (11th Ed. 2019). Furthermore, as explained above, the prima facie showing is merely the first step in the Lepis procedural paradigm. Concluding that defendant had met the threshold requirement of proving his circumstances had changed did not represent a final judgment on defendant's modification. In fact, the same order confirmed there were "a number of issues in dispute in which the [c]ourt is not currently in a position to address." Defendant's application to review alimony was one of those issues.

We also reject defendant's argument that plaintiff's appeal is inapposite at this juncture because she did not appeal the January 2020 order as per Rule 2:2-1(a)(3) and Rule 2:4-1.

Reversed and remanded for a plenary hearing consistent with the principles set forth in this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3994-19